

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Paul Donald, Chairman
Committee on Judicial Districts
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-5144
Re: Constitutionality of Article
326m, V. A. C. S., and related
matter.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Is it Constitutional for the Legislature to pass a special law creating the office of Assistant District Attorney in certain counties by population brackets, and providing for payment of the newly created office out of the General Fund of the State?

"For a specific instance, please advise whether the following Statutes, Article 326m, is valid and Constitutional:

"'Art. 326m. Assistant district attorney in certain judicial district and salary.—Sec. 1. That in all Judicial Districts in this State composed of five counties in which the aggregate population of said District as shown by the Federal census of 1920 is in excess of 74,427 and not in excess of 74,428, the duly elected District Attorney shall have the right, with the consent of the Judge of said District Court to appoint an Assistant District Attorney, who shall hold his office one year.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"'Sec. 2. The Assistant District Attorney provided for in Section 1 of this Act shall receive an annual salary of $3,000.00 to be paid monthly out of any money not otherwise appropriated, upon the sworn account of such Assistant District Attorney approved by the District Attorney and the Judge of said District. (Acts 1929, 41st Leg., p. 665, ch. 297.)'

". . . ."

Article 5, Section 21 of our State Constitution provides:

"A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of two years. In case of vacancy the commissioners' Court of the county shall have power to appoint a county attorney until the next general election. The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature. The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys, and county attorneys; provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the State, and such fees, commissions and perquisites as may be provided by law. County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

Article 3, Section 56, of our State constitution provides in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

". . . .

Honorable Paul Donald, Chairman, Page 3


"Creating offices, or prescribing the powers
and duties of officers, in counties cities, towns,
election or school districts;" (Underscoring ours)

Construing the above quoted provisions of Article
3, Section 56 of our State Constitution, in the case of Commissioners' Court of Limestone County v. Garrett, 236 S. W.
970, Texas Commission of Appeals, the court said:

"Section 56, Art. 3, was a part of the original Constitution of 1876. There is nothing in
the language of that section suggestive of a limitation of the effect of the provision against creation of offices by local or special law to any
class or classes of offices, nor is there a suggestion of such limitation in any other portion
of the Constitution. The limitation refers to
places only, and not to classes of officers. The
places in which the creation of offices by special
or local law is prohibited are counties, cities,
towns, and election and school districts. It forbids the creation, by local or special act, of any
office in any of those places." (Underscoring ours)

Under Article 5, Section 21, of our State Constitution, supra, the Legislature is given the power to create
the office of district attorney in such districts as it may
deem necessary and to define the powers and duties of such
officers. This section of the Constitution would also authorize the Legislature to create the office of district attorney in a specific judicial district by its name or any
other form of designation and by the same token it would authorize the Legislature to allow the district attorney of a
particular named district to employ assistants.

It is our opinion that our State Constitution does
not prohibit the Legislature from enacting a local or special
law creating the office of assistant district attorney. The
Constitution does prohibit the creation of county, city, town,
election district and school district offices by local or special law. The case of Miller v. El Paso County, 150 S. W.
(2) 1000, Texas Supreme Court, and cases cited therein, would
not apply to Article 326m, V. A. C. S., because the office
created under Article 326m, V. A. C. S., to wit: assistant
district attorney, not only is not prohibited by Article 3,
Section 56, or any other portion of the Constitution, but is
one specifically authorized by Article 5, Section 21 of our
State Constitution.

We therefore hold Article 326m, V. A. C. S., supra, to be a valid and constitutional statute.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp

APPROVED OPINION COMMITTEE

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

